UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11484-GAO

|  |  |
|---|---|
| MARK SAUNDERS,<br>    Plaintiff,<br><br>v.<br><br>EMPIRE TODAY, LLC;<br>EMPIRE HOME SERVICES, LLC;<br>and COBRASOURCE, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS EMPIRE TODAY, LLC'S AND EMPIRE HOME
SERVICES, LLC'S MOTION FOR LEAVE TO WITHDRAW
STATUTE OF LIMITATIONS ARGUMENT FROM MOTION TO DISMISS**

Defendants, Empire Today, LLC and Empire Home Services, LLC[1] (collectively referred to as "Empire"), by and through their attorneys, respectfully move this Court for leave to withdraw a statute of limitations argument from their February 16, 2010 Motion to Dismiss. In support of this motion, Empire states as follows:

1. On February 16, 2011, Empire filed a Motion to Dismiss Plaintiff's Complaint and a Supporting Memorandum of Law (collectively referred to as the "Motion"). (*See* Docket Nos. 14 and 15). In the Motion, Empire argued, among other things, that Count I of Plaintiff's Complaint should be dismissed as barred by the statute of limitations. (*See* Docket No. 15 at pp. 3-5).

2. On April 29, 2011, Plaintiff filed his Opposition to Empire's Motion to Dismiss.

3. Upon reviewing Plaintiff's Opposition, counsel for Empire realized that they had mistakenly identified the wrong filing date for Plaintiff's Complaint, which formed the basis of

---

[1] Empire Today, LLC was formerly known as Empire Home Services, LLC.

Empire's statute of limitations argument. Given that mistake, Empire now seeks the Court's leave to withdraw from its Motion to Dismiss the statute of limitations argument with respect to Count I of Plaintiffs' Complaint, without prejudice to Empire asserting a statute of limitations defense to any of Plaintiff's claims in the future.[2]

4.  The withdrawal of the statute of limitations argument would not result in any prejudice to any party, and it does not impact any of the remaining arguments for dismissal in Empire's Motion.[3] With respect to those remaining arguments, Empire may separately seek (within the next 2 weeks) the Court's leave to file a reply brief addressing several new contentions raised by Plaintiff in his Opposition.

5.  Counsel for Empire has discussed the present motion with counsel for co-defendant CobraSource, Inc., and CobraSource has assented to this motion. Counsel for Empire left a voicemail and sent an e-mail to Plaintiff (who is *pro se*) to seek his assent, but, at the time of the filing of this motion, had not heard back from Plaintiff.

WHEREFORE, Defendants Empire Today, LLC and Empire Home Services, LLC respectfully request that the Court grant them leave to withdraw the statute of limitations argument from their Motion to Dismiss and supporting Memorandum of Law (Docket Nos. 14

---

[2] By seeking leave to withdraw this argument, Empire does not concede Plaintiff's contentions that (1) a six-year statute of limitations applies to Count I; and (2) the statute of limitations should be tolled because of alleged "fraudulent concealment." To the contrary, Empire continues to believe that a four-year statute of limitations applies and that no tolling is appropriate here. Empire seeks to withdraw its statute of limitations argument based only on the correct filing date and the allegations in Plaintiffs' Complaint, which must be taken as true at this stage. Empire reserves its right to re-assert a statute of limitations defense to Count I (or to any other of Plaintiff's claims) in the future.

[3] Specifically, footnote five of Empire's Memorandum, which raises a statute of limitations argument to Count III of Plaintiff's complaint, is not affected by this motion and remains a basis for dismissing Count III. (*See* Docket No. 15 at p. 10 n.5). Plaintiff filed the Complaint in August 2010, well over four years after he was terminated by Empire, and well beyond the applicable three-year statute of limitations.

and 15), without prejudice to Defendants asserting a statute of limitations defense to any of Plaintiff's claims in the future.

        Respectfully submitted,

        Defendants, Empire Today, LLC and
        Empire Home Services, LLC,
        By their Attorneys,

        **Wildman, Harrold, Allen & Dixon, LLP**

        */s/ Matthew Caccamo*
        _____
        Matthew Caccamo (Ill. B.B.O. 6282605)
        225 W. Wacker Drive, Suite 2800
        Chicago, Illinois 60605
        (312) 201-2416

        **Clark, Hunt, Ahern & Embry**

        */s/ William J. Hunt*
        _____
        William J. Hunt (BBO# 244720)
        55 Cambridge Parkway
        Cambridge, MA 02142
        whunt@chelaw.com
        (617) 494-1920

Dated: May 13, 2011

## **CERTIFICATE OF SERVICE**

      I, William J. Hunt, hereby certify that this document, served through the ECF System on May 13, 2011 was sent electronically on that date to those registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those identified as non-registered participants on this 13th day of May, 2011.

      Respectfully submitted,

      **CLARK, HUNT, AHERN & EMBRY**

      */s/ William J. Hunt*

      ―――――――――――――――――――
      William J. Hunt (BBO# 244720)
      55 Cambridge Parkway
      Cambridge, MA 02142
      whunt@chelaw.com
      (617) 494-1920