UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11484-GAO

MARK SAUNDERS,
Plaintiff,

v.

EMPIRE TODAY LLC, EMPIRE HOME SERVICES, LLC, et al.,
and COBRASOURCE, INC.,
Defendants.

OPINION AND ORDER
September 23, 2011

O'TOOLE, D.J.

The plaintiff, Mark Saunders, alleges that the defendants violated the Employee Retirement Income Security Act ("ERISA") by failing to provide certain information required under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). The defendants have moved to dismiss all counts.

The Complaint alleges the following facts:

Beginning in October, 2005, the plaintiff was employed by Empire Today, LLC, and Empire Home Services, LLC (collectively, "Empire Today"). In 2006, he suffered a substantial injury, and Empire Today terminated his employment later that year. The plaintiff was a participant or qualified beneficiary under Empire Today's health benefit plan. The plaintiff alleges in Count I that Empire and COBRASOURCE failed to give him the notices required by 29 U.S.C. §§ 1166(a)(2) and 1166(a)(4)(A) and (c). In Count II, he alleges that the defendants failed to provide plan documentation in violation of 29 U.S.C. § 1024(b)(4). In Count III, the

plaintiff presents a claim for unlawful retaliation apparently against all defendants. Finally, the complaint includes a separate Count IV for attorneys' fees and costs, but the plaintiff has since waived that matter as a separate claim. The defendants have moved to dismiss all claims.

As for Count I, COBRASOURCE[1] argues that the plaintiff's claim under 29 U.S.C. § 1166 is barred by the statute of limitations because a four-year statute of limitations period applies and that period started to run fourteen days after the plaintiff's termination. On that calculation, the action was a little over two weeks late in its commencement. I agree with the defendants that the four-year limitations period that would be applicable under Massachusetts law to consumer claims for unfair insurance practices should be applied here. But the calculation of when the limitations period would have expired is not possible to determine on the submissions before me, especially in light of the potentially different responsibilities of the defendants. Specifically, if the limitations period should be considered to have commenced 44 or 45 days after the plaintiff's termination, see Torres-Negron v. Ramallo Bros. Printing, Inc., 203 F. Supp. 2d 120, 126 (D.P.R. 2002) ("COBRA permits up to 44 days to furnish notice of COBRA rights."), dismissal on limitations grounds would not be appropriate. On other calculations, it might be.

As for Count II, each defendant argues that the other defendant is the "plan administrator" and that only that other defendant should therefore be liable. More evidence is needed to resolve the issue, and dismissal now would be improper. See Law v. Ernst & Young, 956 F.2d 364, 372-73 (1st Cir. 1992). The defendants also urge that Count II should be dismissed because the plaintiff failed to allege that he made a "written request" as required by 29 U.S.C. § 1124(b)(4). I decline to do so at this juncture, where the plaintiff brings the case pro se and

---

[1] COBRASOURCE alone advances this argument. Empire Today withdrew its statute of limitations argument as to Count I.

asserts in his opposition brief that he did indeed make a written request. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotations omitted).

As for Count III, the defendants argue that the plaintiff's claim under 29 U.S.C. § 1140 should be dismissed because the alleged misconduct had no affect on the employer-employee relationship. The claim is sufficiently pled against Empire Today, the plaintiff's employer, but not against COBRASOURCE, alleged only to be the plan administrator. As with the other counts, it is premature on the present record to resolve the limitations argument.

For the reasons stated above, Empire Today's Motion (dkt. no. 14) to Dismiss is DENIED. COBRASOURCE's Motion (dkt. no. 26) to Dismiss is GRANTED as to Count III alone and, otherwise, is DENIED. Empire Today's Motion (dkt. no. 33) for Leave to Withdraw Statute of Limitations Argument From Motion to Dismiss is GRANTED. Empire Today's Motion (dkt. no. 35) for Leave to File Reply is GRANTED; the Court has taken its reply into account in the writing of this opinion.

It is SO ORDERED.

                                                      s/ George A. O'Toole, Jr.
                                                      United States District Judge