UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11484-GAO

_____
                                                    )
**MARK SAUNDERS,**                         )
      Plaintiff,                             )
                                                    )
**v.**                                           )
                                                    )
**EMPIRE TODAY, LLC;**           )
**EMPIRE HOME SERVICES, LLC;**    )
**and COBRASOURCE, INC.;**       )
      Defendants.                     )
_____)

### DEFENDANTS EMPIRE TODAY, LLC'S AND EMPIRE HOME SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CO-DEFENDANT COBRASOURCE, INC'S CROSS-CLAIM

Defendants EMPIRE TODAY, LLC and EMPIRE HOME SERVICES, LLC,[1] (collectively, "Empire") by and through their attorneys; Clark, Hunt, Ahern and Embry; and Edwards Wildman Palmer LLP; hereby answers Co-Empire Cobrasource, Inc.'s Cross-Claim as follows:

### Jurisdiction

1.     Empire admits the allegations in Paragraph 1.

2.     Empire admits that it is a limited liability company with its corporate offices at 333 Northwest Avenue, Northlake, Illinois 60164 and other market locations in the United States. Empire denies the remainder of the allegations in Paragraph 2.

3.     Empire is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 3 and, therefore, denies those allegations.

---

[1] Empire Today, LLC was formerly known as Empire Home Services, LLC. As such, Empire Home Services, LLC is not a proper defendant or cross-defendant in this case.

1

4. Empire admits that Plaintiff, Mark Saunders, filed a Complaint in this action alleging that CobraSource and Empire violated COBRA. Empire denies the allegations in Paragraph 4 to the extent they imply that Plaintiff has specific rights under COBRA or that Empire violated any such rights.

5. Empire admits the allegations in Paragraph 5.

6. Empire admits the allegations in Paragraph 6.

7. Empire admits that on or about July 1, 2001 it entered into a contract with CobraSource. As to the remainder of the allegations in Paragraph 7, Empire admits that the contract imposes certain obligations on Empire but denies that Empire breached those obligations.

8. Empire admits that CobraSource provided Empire with an access code and password to log onto a website called "mycobrasource.com" to provide certain COBRA-related information to CobraSource. Empire is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Empire admits that CobraSource provided Empire with an access code and password to log onto a website called "mycobrasource.com" to provide certain COBRA-related information to CobraSource. Empire denies that the contract between CobraSource and Empire required Empire to use mycobrasource.com to provide certain COBRA-related information to CobraSource. Empire is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Empire admits that Section 6 of the Contract provides both parties with certain indemnification rights. Empire denies the remainder of the allegations in Paragraph 10.

2

11. Empire admits that, on or about August 26, 2010, Plaintiff Mark Saunders filed a lawsuit in this Court alleging that Empire and COBRASOURCE violated COBRA. Empire denies the allegations in Paragraph 11 to the extent they imply that Plaintiff has specific rights under COBRA or that Empire violated any such rights.

12. Empire admits that Plaintiff Mark Saunders alleges in his Complaint that he was hired by Empire on October 17, 2005 and terminated by Empire on July 26, 2006.

13. Empire is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 13 and, therefore, denies those allegations.

## COUNT I

14. Empire incorporates its answers and denials to Paragraph No. 1-13 as though fully set forth herein.

15. Empire denies the allegations in Paragraph 15.

16. Empire denies the allegations in Paragraph 16.

17. Empire denies the allegations in Paragraph 17.

18. Empire denies the allegations in Paragraph 18.

WHEREFORE, Empire asks this Court to enter judgment in Empire's favor and against Co-Defendant CobraSource, Inc. on its Cross-Claim, to award Empire its costs and fees, and to grant all further relief as this Court deems fair and just.

## AFFIRMATIVE DEFENSES

Further answering and without prejudice to its denials and other statements in its pleadings, Empire sets forth the following affirmative defenses to Co-Empire CobraSource, Inc.'s Cross-Claim:

1.  All or part of CobraSource's Cross-Claim is barred by the applicable statute(s) of limitations.

2.  All or part of CobraSource's Cross-Claim fails to state a claim upon which relief can be granted.

3.  CobraSource failed to fulfill its obligations under the contract between Empire and CobraSource and, as a result, may not assert a claim for breach of that contract against Empire.

WHEREFORE, Empire ask this Court to enter judgment in its favor and against CobraSource on CobraSource's Cross-Claim, to award Empire it costs and fees, and to grant all further relief as this Court deems fair and just.

Dated:  December 12, 2011

Respectfully Submitted,

Defendants, Empire Today, LLC and Empire Home Services, LLC

By Their Attorneys,

**Edwards Wildman Palmer LLP**

  /s/ Matthew J. Caccamo
Matthew J. Caccamo (Ill. B.B.O. 6282605)
   (admitted  *pro hac vice*)
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60605
mcaccamo@edwardswildman.com
(312) 201-2416

**Clark, Hunt, Ahern & Embry**

  /s/ William J. Hunt

4

William J. Hunt (BBO# 244720)
55 Cambridge Parkway
Cambridge, Massachusetts 02142
whunt@chelaw.com
(617) 494-1920

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing was served by the court's CM/ECF Electronic Case Filing System this 12th day of December, 2011, upon the following:

>David A. Anderson
>Pierce Atwood LLP
>One New Hampshire Avenue
>Third Floor, Suite 350
>Portsmouth, NH  03801

and by first-class mail to the following:

>Mark P. Saunders
>28 Cushman Street
>Watertown, MA  02472-3704

  /s/ Matthew J. Caccamo