UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

|                                                  |   |
|--------------------------------------------------|---|
| Mark Saunders,                                   ) |
|       Plaintiff,  ) |
| v.                                               ) Civil Action No. 10-11484-GAO |
| Empire Today LLC.                                ) |
| Empire Home Services, LLC, et al                 ) |
| COBRASOURCE, Inc.                                ) |
|       Defendant.  ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT EMPIRE TODAY, LLC'S AND DEFENDANT EMPIRE HOME SERVICES, LLC'S COMBINED MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND OPPOSITION TO MOTION TO STAY

COMES NOW the Plaintiff, appearing pro se, files the following opposition to Defendants' combined motion to reconsider order granting Plaintiff's motion to appoint counsel and opposition to motion to stay in this matter pursuant to 28 U.S.C. §1915 (e)(1) for the following reasons:

1. Plaintiff is indigent, as recognized by this Court in granting Plaintiff's motion to proceed in forma pauperis. (Docket Number 5)

2. Defendant Empire paints a picture that Plaintiff is well schooled in matters of law and legal argument, which could not be further from the truth. Plaintiff has no legal training. The Court's Order denying Defendant Empire's motion to dismiss (Docket number 37) was not as one sided as Defendant Empire makes it seem. As for Count I, Plaintiff was not successful in his argument that a six year Statute of Limitation applies, and the Court

cited that when the limitations period would have expired was not possible to determine on the submissions before the Court. Regarding Count II, the Court notes "More evidence is needed to resolve the issue, and dismissal now would be improper." On both of the previous Counts, the Court was simply not able to make a determination at that time in the pleadings. On Count III, Plaintiff was unsuccessful with regard to Defendant COBRASOURCE, and as such, the Motion to Dismiss this Count was granted.

3. Plaintiff needed several extensions of time to respond to Defendants' motions to dismiss due to his handicap, lack of resources, and lack of legal training. Plaintiff was greatly assisted by the Internal Revenue Service, the Department of Labor, and the Employee Benefits Security Administration in responding to Defendants' motions to dismiss, which were largely based on the identification of the Plan Administrator. Investigations conducted by the Department of Labor and Defendant Empire's filings with the Internal Revenue Service provided the necessary information to be overwhelmingly convincing that one or both Defendants is/are responsible for the duties of the Plan Administrator (PA). Plaintiff was also aided by the production by Defendant of a contract between the two Defendants which was not in Plaintiff's possession. The Court has not as yet determined the identity of the PA, only that both Defendants have been properly identified as the two most likely candidates. For Defense to argue that Plaintiff, with no legal training whatsoever, is not at a severe disadvantage with regard to legal arguments has no basis, as Plaintiff's response was largely a matter of gathering and submitting information compiled by these agencies and by Defendant supplying a contract to the Court.

4. Plaintiff has had absolutely no legal training whatsoever. Plaintiff relies solely on Google internet searches to obtain and review material related to this claim, which is extremely difficult at best and cannot compare to the legal search and retrieval resources available to

members of the bar. Access to case law and ERISA code on the internet is severely limited or denied.

5. Plaintiff does not know how to conduct a deposition and without guidance of counsel would be at a loss as to whom to depose and how to do so. Plaintiff would be unable to present oral arguments in a court of law or call witnesses due to lack of legal training and experience. Defendant's desire to deny Plaintiff counsel seems aimed at maintaining an uneven playing field and serves to greatly prejudice Plaintiff.

6. As a pro se Complainant and due to his disabilities, Plaintiff is severely restricted by the inability to easily access and review legal information. As Plaintiff is not a member of the Bar and is not a law school student, he is denied access to libraries at local schools of law. Due to his disability, Plaintiff is limited in the time he can spend sitting in front of a computer to do internet searches for information related to this case.

7. Plaintiff also has no access to the electronic filing system (CM/ECF) and must rely on travel and ambulation to file legal documentation. This is extremely difficult at times, as Plaintiff often suffers from debilitating flair-ups of his condition. This severely limits Plaintiff's ability to prepare, transport, and file legal documentation.

8. Plaintiff is disabled (Massachusetts Disabled Persons Parking Identification Placard P07870952) and suffers from a plethora of medical conditions (spondylolisthesis, severe bilateral foraminal stenosis, retrolisthesis, bilateral pars defect, moderate to severe degenerative disease, lumbosacral rediculopathy, calf and quad musculature atrophy, numbness, sacral root compression, acute lordotic angulation of the spine, sciatica) that limit his ability to properly conduct legal research for any sustained length of time. (See exhibits A, B, C, and D)

9. Plaintiff has been unemployed since 2006 and is unable to work due to his injuries. As he is in his mid-fifties and handicapped, prospects for work in the foreseeable future remain bleak.

10. Plaintiff has had no income of in the past 21 months, and one unemployment compensation extension check on March 27, 2010 (See Exhibit E). Plaintiff currently has no income.

11. Plaintiff has exhausted his efforts seeking counsel, being severely limited due to handicap (with the accompanying loss of income) and lack of finances. Attorneys practicing the complex and highly specialized field of ERISA/COBRA law are extremely limited, expensive, and well beyond the affordability of Plaintiff. To expend money earmarked for upcoming medical expenses and living expenses with no income would deprive him of basic needs.

12. Plaintiff's medical condition is permanent and as such, he will require medical care for the rest of his life. Plaintiff has obtained several medical opinions regarding his condition, all of which have concluded that Plaintiff is in need of complex surgery with a lengthy recovery period. The cost of this surgery is into six figures. (See Exhibits A, B, C, and D). Rehabilitation and long term recovery will follow, with home nursing care as well.

13. Although payment for medical treatment was ordered by the Department of Industrial Accidents (DIA) Administrative Judge and is in addition to Plaintiff's settlement (See Exhibits F and G), payment for Plaintiff's last radioscopic epidural spinal injection was denied by Defendant's Worker's Compensation insurance carrier.

14. Defendant Empire's Worker's Compensation insurance carrier has denied any further medical treatment, and has not paid for any procedure of Plaintiff's since early March of

2011. Plaintiff must go through the process of filing another lawsuit against Defendant's Workers Compensation insurer to enforce the DIA's decision.

15. Plaintiff is now responsible for all of his medical expenses due to Defendant Empire's Workers' Compensation insurer's denial of payments and Plaintiff's insurance carrier's (The Commonwealth of Massachusetts) finding that this is a Workers' Compensation issue.

16. This motion seems largely predicated by Defendant Empire's anger and frustration at its Worker's Compensation insurer's settlement with Plaintiff, which effectively removed Defendant's bargaining chip in this action. Defendant had instructed Plaintiff's Workers' Compensation counsel and Plaintiff directly that it would only settle the Worker's Compensation claim if Plaintiff would settle this COBRA matter as well.

17. Defendant's Worker's Compensation insurer's counsel expressed extreme frustration over Defendant's unwillingness to settle the Workers' Compensation claim, as the insurer expressed its desire to settle the claim early in the proceedings. After several refusals on Defendant's part to settle the Workers' Compensation claim without a COBRA action settlement as part of the deal, Defendant's Workers' Compensation insurer's counsel discovered and cited a law which allowed it to settle with Plaintiff without Defendant Empire's permission after a five year period had elapsed from the time of Plaintiff's work related accident. Once the five year period had elapsed, Defendant's Workers' Compensation insurer offered Plaintiff a settlement without Defendant's knowledge or approval.

18. The operation that Plaintiff must undergo carries a cost in excess of $100,000, with additional costs due to pre and post-operative care, treatment in rehabilitation center, a home health care nurse, and physical therapy. (See Exhibit A – Excerpt – Summary of Medical Findings – Michelle Masi, Neurologist) Plaintiff is single and must also hire

someone during this period to tend to all of his personal needs such as food shopping and preparation, laundry, cleaning, bill paying, etc.

19. Plaintiff's Workers' Compensation settlement does not even cover projected medical expenses, let alone allow for basic living needs, especially given Defendant's Workers Compensation insurer's denial of medical payments as ordered by the DIA Administrative Judge and carried over to Plaintiff's settlement. (See Exhibits F and G)

20. In addition, Plaintiff recently also had expenses for vision care, as he has had the same glasses for several years and did not have a current prescription. Plaintiff is also responsible for his own dental payments and has upcoming necessary dental work. Plaintiff is also currently on six medical prescriptions.

21. Plaintiff has also amassed a great deal of personal credit card debt to pay for living expenses, and has used a portion of the Workers' Compensation settlement to pay down this debt. (See Exhibit H)

22. The question of statute of limitations has also been argued by Defendants. The decision of this Court will be precedent setting, as no ruling has ever been made regarding the most analogous state law with regard to the statute of limitations in COBRA cases. District Courts have varied in their interpretation and rulings. Such a matter is best laid before this Court and argued by trained members of the Bar, not a pro se litigant.

23. Defendant COBRASOURCE recently went through a change of counsel. A temporary stay in this case could only be advantageous to Defendant COBRASOURCE by allowing counsel to come up to speed on the newly acquired case.

24. The Court's pro se desk and pro bono desk had a recent change of staff. Staff member Jeanette McGlamery, who was handling Plaintiff's case with regard to both desks, has taken an extended leave until April of 2012. A new staff member has taken on her case load and must come up to speed not only on Plaintiff's case, but the entire case load Ms.

McGlamery was handling. The incoming staff member was out of the office for two weeks during the holidays. In the mean time, another staff member was sitting in. Plaintiff has relied heavily on desk regarding local rules and to address procedural questions. (The pro se desk employees have not provided Plaintiff with legal advice, only answers to procedural questions.) This change in staff has created the inevitable delays in obtaining pro bono counsel and a stay will grant the new staff enough time to fulfill the Court's order.

25. On January 9, 2012, Plaintiff was contacted by a Boston law firm that is currently reviewing Plaintiff's case at the request of the Pro Bono Desk for the possibility of representation. Plaintiff has an appointment to meet with prospective counsel at the end of this week.

WHEREFORE, Plaintiff prays that this Court enter an Order denying Defendant's combined motion to reconsider order granting Plaintiff's motion to appoint counsel and opposition to motion to stay for the reasons stated.

Respectfully submitted,

Dated: 10 January 2012

Mark P. Saunders
28 Cushman Street
Watertown, Massachusetts  02472-3704
617-905-7454

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2012, copies of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT EMPIRE TODAY, LLC'S AND DEFENDANT EMPIRE HOME SERVICES, LLC'S COMBINED MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND OPPOSITION TO MOTION TO STAY were deposited in the United States Mail, postage prepaid, addressed to the following:

Matthew Caccamo
Edwards, Wildman, Palmer LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606

Melissa Arnold
Richard Riley
Murphy & Riley, PC
101 Summer St, 2nd Floor
Boston MA 02110

Michael J. Rossi
William J. Hunt
55 Cambridge Parkway
Cambridge, MA 02142

Dated: 10 January 2012

Mark P. Saunders
28 Cushman St
Watertown, MA 02472-3704
617-905-7454